AISHA K. BROSNAN (AB5986)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

WM 15-159 AB
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CHARLES MACK,

                            Plaintiff,

            -against-

WAL-MART STORES EAST, LP,

                          Defendant.

-------------------------------------------------------------------X

**Docket No.:**

**NOTICE OF REMOVAL**

**TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK:**

        Defendant, WAL-MART STORES EAST, LP, for the removal of this action from the Supreme Court of the State of New York, County of QUEENS, to the United States District Court for the EASTERN District of New York, respectfully shows this Honorable Court:

        FIRST:        Defendant, WAL-MART STORES EAST, LP is a defendant in a Civil action brought against it in the Supreme Court of the State of New York, County of QUEENS, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
CHARLES MACK,                                                    Index No.: 2607/15

                                        Plaintiff,

                    -against-

WAL-MART STORES EAST, LP,

                                        Defendant.
------------------------------------------------------------------------X

Copies of the Summons, the Complaint, and WAL-MART STORES EAST, LP's Answer are annexed hereto as Exhibit A.

      SECOND: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

      THIRD: The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States. Plaintiff verbally demanded $4,000,000.00 to settle this claim.

      FOURTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas. The sole member of both limited liability companies is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is a citizen of Arkansas. It is incorporated in Arkansas and its principal place of business is in Arkansas. Thus, for diversity purposes, the defendant is a citizen of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d

157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

FIFTH: That upon information and belief Plaintiff is a citizen of the State of New York, County of QUEENS.

SIXTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of QUEENS to the United States District Court for the EASTERN District of New York.

Dated: Northport, New York
      July 27, 2015

                   Yours, etc.

                   BRODY, O'CONNOR & O'CONNOR, ESQS.
                   Attorneys for Defendant

             By:
                   AISHA K. BROSNAN (AB5986)
                   7 Bayview Avenue
                   Northport, New York 11768
                   (631) 261-7778
                   File No.: WM 15-159 AB

TO:    DOMINICK W. LAVELLE
        Attorney for Plaintiff
        100 Herricks Road, Suite 201
        Mineola, New York 11501
        (516) 739-8111

Exhibit



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------x   Index No.: 2607/15
CHARLES MACK,                       :   Date purchased: 3/4/15
                                    :
                                    :   Plaintiff(s) designate(s)
                                    :   QUEENS
                                    :   County as the place of trial
                       Plaintiff,   :
                                    :   The basis of the venue is
                                    :   Residence of Plaintiff
                                    :
         -against-                  :
                                    :       AMENDED SUMMONS
                                    :
                                    :
Wal-Mart Stores East, LP            :   Plaintiff resides at
                                    :   50-45 Newtown Road
                                    :   Queens, New York
                                    :
                                    :
                       Defendant.   :
                                    :
------------------------------------x   County of QUEENS
To the above named Defendant(s)

         **You are hereby summoned** to answer the complaint in
this action and to serve a copy of your answer, or, if the
complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the
service of this summons, exclusive of the day of service (or within
30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

                                    Dominick W. Lavelle
Dated: November 20, 2014            Attorney(s) for Plaintiff

                                    Office and Post Office Address
Defendant Address:                       100 Herricks Road
                                         Suite 201
                                    Mineola, New York 11501

Wal-Mart Stores East, LP
c/o Brody, O'Connor & O'Connor, Esqs.
7 Bayview Avenue
Northport, New York 11768

la\14275sum

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------x
CHARLES MACK,                        :
                                     :
                    Plaintiff,       :     Index No.: 2607/15
                                     :
          -against-                  :     Filing Date: 3/4/15
                                     :
WAL-MART STORES EAST, LP             :     AMENDED
                                     :     VERIFIED COMPLAINT
                                     :
                                     :
                    Defendants.      :
------------------------------------x

      Plaintiff, CHARLES MACK, by and through his attorney DOMINICK
W. LAVELLE, ESQ, complaining of the defendants, hereby alleges as
follows:


      1. That at all times hereinafter mentioned, plaintiff CHARLES
MACK was and is a resident of the County of Queens, State of New
York, residing at 50-45 Newtown Road, Queens, New York.


      2. That at all times hereinafter mentioned, and upon
information and belief, defendant WAL-MART STORES EAST, LP was and
is a duly organized domestic corporation or other business entity
with an address of 266 Lyell Avenue, Rochester, New York 14608.


                  AS AND FOR A FIRST CAUSE OF ACTION
          (Negligence Against Defendant WAL-MART STORES EAST, LP)

3.    Plaintiff repeats and realleges each of the allegations contained in paragraph "1" through "2" of the Complaint as if set forth herein at length.

4. Upon information and belief, and at all times hereinafter mentioned, defendant was the owner of a certain Walmart store 288 Larken, Monroe, New York 10950 (the "Premises").

5.    Upon information and belief, and at all times hereinafter mentioned, defendant was the operator of the Premises.

6.    Upon information and belief, and at all times hereinafter mentioned, defendant controlled the Premises.

7.    Upon information and belief, and at all times hereinafter mentioned, defendant maintained the Premises.

8.    Upon information and belief, and at all times hereinafter mentioned, defendant was the managing agent of the Premises.

9. That at all times hereinafter mentioned, the defendants, their employees, servants and agents, operated, controlled, maintained and managed the premises, it being the duty of the defendant, their employees, servants and agents to keep said premises in a safe and habitable condition, to be so constructed, equipped, operated and maintained so as to provide reasonable and

2

adequate protection to the lives, health and safety of all persons and tenants frequenting the Premises.

10.   That on or about the 17th day of June, 2014, plaintiff CHARLES MACK was lawfully upon said premises as a customer.

11.   That on or about the 17th day of June, 2014, while plaintiff was walking in the store, he slipped and fell on a slippery, wet waxed floor. There was no warning sign of any sort.

12.   Plaintiff CHARLES MACK was caused to sustain severe injuries as a result of defendant's negligence, recklessness and wanton disregard in allowing the area where he was injured to be in a dangerous and unsafe condition.

13. Plaintiff's accident was due solely to the negligence, carelessness, recklessness and wanton disregard of the defendant in failing to maintain, prevent and correct the obviously dangerous conditions in the Premises; in permitting the wax to remain in a hazardous, and defective condition for a long period of time prior to plaintiff's accident; in failing to properly notify plaintiff of the dangers; in failing to inspect and clean the defective area before the accident occurred, by failing to provide a caution sign; in failing to rope off the dangerous condition and in sum creating and perpetuating the dangerous conditions which existed for a significant period of time that in the exercise of reasonable care

3

defendant knew or should have known of its existence and corrected it.

14. Defendant created the dangerous condition.

15. Defendant had notice or knowledge of the dangerous condition.

16. Defendant by the exercise of due care and concern, should have had knowledge of the dangerous condition for a long time prior to this accident.

17. That by reason of the defendants' negligence, plaintiff has suffered serious injuries. The injuries are permanent and are the cause of great physical pain and mental anguish, present and future.

18. That the amount of damages alleged herein exceeds the jurisdictional limit of any other inferior court that would otherwise have jurisdiction over this matter.

WHEREFORE, the plaintiff, CHARLES MACK, demands judgment against defendant WAL-MART STORES EAST, LP for damages alleged herein in a sum that is both just and fair, the costs and disbursements of this action and such other and further relief this court deems just and proper.

4

Dated: Mineola, New York
       January 26, 2015

Respectfully submitted,

Dominick W. Lavelle, Esq.
Attorney for Plaintiff
CHARLES MACK
100 Herricks Road, Suite 201
Mineola, New York 11501
(516) 739-8111

I\vc14275

5

WM 15-159 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X

CHARLES MACK,

                          Plaintiff,

       -against-

WAL-MART STORES EAST, LP,

                       Defendant.

----------------------------------------------------------------------X

Index No.: 2607/15

**VERIFIED ANSWER
TO AMENDED
<u>COMPLAINT</u>**

      The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Amended Verified Complaint herein states upon information and belief:

      FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

      SECOND:  Defendant denies the allegations set forth in paragraph marked "2", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

<u>**AS TO THE FIRST CAUSE OF ACTION**</u>

      THIRD:  Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "2", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "3", and each and every part thereof.

      FOURTH: Defendant denies the allegations set forth in paragraph marked "4", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraphs marked "6", and "7", and respectfully refers all questions of law to the trial Court.

SIXTH: Defendant denies the allegations set forth in paragraph marked "8", and each and every part thereof.

SEVENTH: Defendant denies the allegations set forth in paragraph marked "9", and respectfully refers all questions of law to the trial Court.

EIGHTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "10", and "11", and each and every part thereof.

NINTH: Defendant denies the allegations set forth in paragraphs marked "12", and "13", and each and every part thereof.

TENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "14", "15", and "16", and each and every part thereof.

ELEVENTH: Defendant denies the allegations set forth in paragraphs marked "17", and "18", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Amended Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
      April 29, 2015

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
      PATRICIA A. O'CONNOR
      7 Bayview Avenue
      Northport, New York 11768
      (631) 261-7778
      File No.: WM 15-159 PO

TO:    DOMINICK W. LAVELLE
       Attorney for Plaintiff
       100 Herricks Road, Suite 201
       Mineola, New York 11501
       (516) 739-8111

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer to Amended Complaint and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
        April 29, 2015

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK      )
                                   ) ss:
COUNTY OF SUFFOLK    )

              DEBRA SANACORA, being duly sworn, deposes and says:

              That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

              That on the 29 day of April, 2015, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

              DOMINICK W. LAVELLE
              Attorney for Plaintiff
              100 Herricks Road, Suite 201
              Mineola, New York 11501
              (516) 739-8111

              The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                      DEBRA SANACORA

Sworn to before me this
29 day of April, 2015.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02OC602880R
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES ON 6/23/18

## AFFIDAVIT OF MAILING

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF SUFFOLK        )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the _____ day of July, 2015, deponent served the within NOTICE OF REMOVAL

UPON:

> DOMINICK W. LAVELLE
> Attorney for Plaintiff
> 100 Herricks Road, Suite 201
> Mineola, New York 11501
> (516) 739-8111

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
_____ day of July, 2015.

_____
NOTARY PUBLIC

PEGGY MIKANDER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6174102
Qualified in Suffolk County
My Commission Expires September 10, 2015